UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON J. CANNON, <br><br> Plaintiff, <br><br> v. <br><br> CASTLE CREDIT CO HOLDINGS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:23-cv-02967 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes AARON J. CANNON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CASTLE CREDIT CO HOLDINGS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.,* and the Georgia Fair Business Practices Act ("GFBPA") under O.C.G.A. § 10-1-390, *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides within the Northern District of Illinois, conducts business in the Northern District of Illinois, and a substantial

portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age, residing in Villa Rica, Georgia.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a consumer finance company that offers financing programs for home filtration systems and similar products. Defendant is a limited liability company organized under the laws of the state of Florida with its principal office located at 200 S. Michigan Avenue, Suite 450, Chicago, Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Approximately a year ago, Plaintiff financed a water filtration system through Defendant ("subject consumer debt") that was used for personal, family, and household purposes.

10. Within a few months of obtaining the subject consumer debt, Plaintiff experienced unforeseen financial hardships and began falling behind on his payments for the subject consumer debt.

11. Defendant immediately began calling Plaintiff on his cellular telephone number, (302) XXX-6975, seeking collection of payments for the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -6975. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

13. Due to the harassing and repeated nature of Defendant's efforts to collect upon the subject debt, including the placement of multiple repeated phone calls on a daily basis, Plaintiff demanded that Defendant's phone calls cease.

14. However, Defendant disregarded Plaintiff's demand and continued placing calls to his cellular phone.

15. Defendant's continued communications to Plaintiff's cellular phone following his request that Defendant's phone calls cease often resulted in Defendant leaving Plaintiff prerecorded messages attempting to collect upon the subject debt.

16. Defendant has placed dozens of phone calls to Plaintiff's cellular phone, including leaving numerous prerecorded voicemail messages, notwithstanding Plaintiff's repeated demands that such phone calls cease.

17. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, exhausting time, money, and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, being subjected to harassing and unfair collection efforts, and numerous violations of his state and federally protected interests to be free from unwanted and unfair telephonic communications.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded messages without their consent.

22. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

23. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using pre-recorded messages without his consent. Shortly after Plaintiff fell behind and began receiving calls from Defendant in connection with the subject consumer debt, he demanded that such phone calls cease, thus withdrawing any hypothetical consent Defendant may have had to place the phone calls using prerecorded messages.

24. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

25. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

26. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, AARON J. CANNON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. §

227(d)(3)(A)(1);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT I – VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**</u>

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by O.C.G.A. § 10-1-392(a)(6).

29. Defendant's conduct towards Plaintiff was in relation to "trade" and "commerce" as defined by O.C.G.A. § 10-1-392(a)(28).

30. As noted by the GFBPA, its purpose "shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in party or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies." O.C.G.A. § 10-1-391.

31. The GFBPA, pursuant to O.C.G.A. § 10-1-393, states that "[u]nfair or deceptive acts or practices in the conduct of consumer acts or practices in trade or commerce are declared unlawful."

32. Defendant violated the GFPBA through the unfair nature of the phone call campaign directed towards Plaintiff. Plaintiff repeatedly demanded that Defendant cease contacting his cellular phone. Despite Plaintiff's best efforts to curtail Defendant's conduct, Defendant nevertheless continued harassing Plaintiff in an unfair manner through repeated and constant phone calls, including multiple phone calls on a daily basis. Defendant's conduct was not done in connection with a legitimate attempt to collect a debt from Plaintiff, but was instead designed to unfairly harass Plaintiff into making a payment. Defendant's conduct thus constitutes an unfair practice in trade or commerce, underscoring its violations of the GFBPA.

WHEREFORE, Plaintiff, AARON J. CANNON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to O.C.G.A. § 10-1-399(a);

c. Awarding Plaintiff general damage pursuant to O.C.G.A. § 10-1-399(a);

d. Awarding Plaintiff exemplary damages pursuant to O.C.G.A. § 10-1-399(a);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to O.C.G.A. § 10-1-399(d);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 11, 2023　　　　　　　　　　　　　　　Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com