UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON J. CANNON, | ) |
| Plaintiff, | ) |
| | ) No. 23-cv-2967 |
| v. | ) |
| | ) Judge April M. Perry |
| CASTLE CREDIT CO HOLDINGS, LLC, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Aaron J. Cannon ("Plaintiff") entered a credit agreement so he could purchase a water treatment system. After Plaintiff missed payments, he began receiving collections calls from Defendant Castle Credit Co Holdings, LLC ("Defendant"), some of which were made by a system that used an artificial or prerecorded voice. Plaintiff asserts that sometime in 2022 he asked Defendant to stop the calls, but Defendant did not. In May 2023, Plaintiff filed a complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277(b)(1)(iii), and the Georgia Fair Business Practices Act. Following the close of discovery, Defendant moved for summary judgment. For the reasons that follow, Defendant's motion is denied.

Summary judgment is appropriate when there is no genuine dispute of material fact such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment must then come forward with specific facts showing there is a genuine issue for trial. *LaRiviere v. Bd. of Trs.*, 926 F.3d 356, 359 (7th Cir. 2019). "At summary judgment a court may not assess the

credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005). Even so-called "self-serving" testimony from the non-moving party, if "based on personal knowledge or firsthand experience," can be "evidence of disputed material facts." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

The following facts are undisputed. In June 2021, Plaintiff applied for and received an extension of credit to purchase a water treatment system from Daystar Marketing and Consulting. Doc. 47 ¶ 2. In so doing, Plaintiff signed a Retail Installment Credit Agreement ("Credit Agreement") assigning Daystar's rights to collect on the debt to Defendant. *Id.* ¶ 5. The Credit Agreement contained language providing that if Plaintiff failed to make payments, he consented to and authorized Defendant to contact him at a phone number he provided. *Id.* ¶¶ 3, 6. After Plaintiff missed payments, Defendant called him hundreds of times regarding the debt. *Id.* ¶¶ 9-10; Doc. 50 ¶ 2. For a period of time, Defendant used a voicemail delivery system called VOAPPS to send Plaintiff artificial and prerecorded voicemails. Doc. 47 ¶ 30. Defendant stopped using VOAPPS on April 25, 2022. *Id.*

Defendant seeks summary judgment on Plaintiff's TCPA and Georgia Fair Business Practices Act ("GFBPA") claims. Plaintiff abandoned his GFBPA claim in response to Defendant's motion, *see* Doc. 46 at 2, and so the Court's analysis is limited to Plaintiff's claim under the TCPA, which makes it unlawful for a person to

> make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a ... cellular telephone service."

2

47 U.S.C. § 227(b)(1)(iii). Defendant argues it is entitled to summary judgment for two reasons: (1) Plaintiff consented to receiving phone calls; and (2) Defendant did not call him using an automatic telephone dialing system.

### I. Consent

Defendant bears the burden of proving consent, which operates as an affirmative defense to TCPA liability. *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 964-65 (7th Cir. 2020). Here, the parties do not dispute that Plaintiff initially consented to receive phone calls from Defendant. Doc. 47 ¶ 6. However, Plaintiff asserts that he later revoked consent. *See Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017) (consent to receive calls may be revoked "at any time and through any reasonable means"). For support, Plaintiff relies on excerpts from his deposition. Doc. 50 ¶ 4. One of these excerpts is Plaintiff's response to a question about when he asked Defendant stop calling him, to which he replied:

> I don't remember, but at that time I actually talked to somebody because I called them – I believe I called them about the system about why, you know – and then the lady said, oh, you owe the debt, pay it…

Doc. 41-1 at 35. Plaintiff further testified:

> So you know, I've asked them, I said, well, you know you are calling me constantly, couple times in a day, you know, and I've asked them to stop. The prerecorded phone calls kept coming, so I ended up changing my number.

*Id*. When Defendant's counsel asked Plaintiff again when he requested for calls to stop, he testified that he did not remember the month but that "it had to be 2022." *Id*. at 40.

Despite this testimony, Defendant argues it is entitled to summary judgment because the testimony is contradicted by Defendant's business records. Specifically, Defendant avers that its account notes do not show that Plaintiff ever requested Defendant to stop calling, and none of the call recordings in Defendant's possession show that Plaintiff asked Defendant to stop calling. Doc. 47 at 3. Defendant's basis for asserting that these recordings are complete is the declaration

3

of Mr. Dan Berezowski, Defendant's custodian of records. *See* Doc. 50 ¶ 6, Doc. 50-1 ¶ 9; *see also* Doc. 41-2 ¶ 1.

Plaintiff concedes that he did not revoke consent during any of the recorded calls. *See* Doc. 47 ¶¶ 19-22. However, Plaintiff disputes Defendant's assertion that its recordings reflect every call. For example, Plaintiff argues that Defendant did not provide recordings of phone calls Plaintiff made in August and October of 2021. Doc. 50 ¶ 6. Defendant responds, citing Mr. Berezowski, that all phone calls between November 18, 2021 and June 28, 2023 were produced with no content missing. *Id*.[1] Plaintiff then points to evidence that Defendant's notes show 190 calls between 2021 and 2023, and the vast majority of these calls lack recordings. Defendant argues that these calls were incomplete or went to voicemail, and Defendant has no practice of recording such calls. Doc. 50-1 at 5.

What all of this shows is that there is a genuine dispute of material fact between the parties. Plaintiff has testified that he revoked consent on a call with Defendant at some point in 2022; Defendant has submitted that it has no business records of such a call. To grant summary judgment in Defendant's favor would be to favor Defendant's business records over Plaintiff's testimony, which the Court cannot do at summary judgment. *See Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) ("[I]n reviewing a motion for summary judgment where each party's testimony relays a different version of the facts, we must view those facts in the light most favorable to the party opposing the motion"); *see also Reinebold v. Bruce*, 18 F.4th 922, 927 (7th Cir. 2021) (at summary judgment stage, courts may not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts"). The Court also notes that it is undisputed that Defendant called Plaintiff hundreds of times between 2021 and 2023. Doc. 50

---

[1] This misses the point somewhat, as it is not responsive to phone calls in August and October 2021. That said, Plaintiff did testify that he believes his revocation occurred in 2022, so this dispute is immaterial.

¶ 2. Based upon this, it is not "inherently implausible" that Plaintiff told Defendant to stop calling. *Payne*, 336 F.3d at 773. Accordingly, the Court concludes that a genuine dispute remains as to whether and when Plaintiff revoked consent and therefore declines to grant summary judgment to Defendant on this issue.

### II. *Automatic Telephone Dialing System*

Defendant also argues that it is entitled to summary judgment because it does not use an automatic telephone dialing system as defined in the TCPA. *See* 47 U.S.C. § 227(a)(1). This fact is not disputed. *See* Doc. 47 ¶¶ 25-27. However, the TCPA also prohibits the placement of calls using an artificial or prerecorded voice, so the fact that Defendant's does not use an automatic telephone dialing system does not end the Court's analysis. *See* 47 U.S.C. § 227(b)(1)(iii).

Defendant concedes that it made eighteen calls using VOAPPS, which uses an artificial or prerecorded voice, but argues it stopped using VOAPPS on Plaintiff's account on April 25, 2022. Doc. 47 ¶ 30. Given a genuine dispute remains as to whether and when Plaintiff revoked his consent to be called, and Defendant's admission that it used VOAPPS, summary judgment must be denied.

### CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion for summary judgment as to Plaintiff's TCPA claim. Plaintiff's abandoned claim under the GFBPA is dismissed with prejudice.

Dated: April 1, 2025

_____
APRIL M. PERRY
United States District Judge